# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH CROSKEY, | ) |
| | ) CIVIL ACTION NO. 2:20-cv-1991 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MPOWER ENERGY, LLC and | ) **JURY TRIAL DEMANDED** |
| MPOWER DIRECT, LLC | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Sarah Croskey, a resident of Allegheny County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendants, Mpower Energy, LLC and Mpower Direct, LLC, demands a trial by jury, and complains and alleges as follows:

## NATURE OF THE CASE

1. This Complaint alleges illegal sexual discrimination and harassment on the basis of Ms. Croskey's sex as well as a hostile work environment and retaliation, all in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d *et seq*. (hereinafter referred to as "Title VII").

## PARTIES

2. Plaintiff Sarah Croskey ("Ms. Croskey") is an adult female who currently resides at 49 Lawn Street, Pittsburgh, Allegheny County, Pennsylvania.

3. Defendant, Mpower Energy, LLC (hereinafter "ME"), is a New York limited liability company that operates as a renewable energy supplier, with its headquarters located at 1478 President Street, Brooklyn, Kings County, New York.

4. Defendant, Mpower Direct, LLC (hereinafter "MD, and collectively with ME as "Defendants"), is a New York limited liability company that operates as the sales arm of ME, with its headquarters located at 1478 President Street, Brooklyn, Kings County, New York.

5. At all times relevant and material hereto, Defendants each employed fifteen (15) or more people, and MD operated an office at 2124 East Carson Street, Pittsburgh, Allegheny County, Pennsylvania (hereinafter "Pittsburgh Office").

6. In or about September 2019, MD hired Ms. Croskey as a Recruitment Administrator in its Pittsburgh Office, until she was terminated by MD on or about January 28, 2020.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the claims within this Complaint is based upon federal question jurisdiction pursuant to Title VII as well as 28 U.S.C.

§§1331 and 1343 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

8. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 in that Defendant does business in this District and a substantial part of the events giving rise to the claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

9. On or about April 16, 2019, Ms. Croskey filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge 530-2020-04312, alleging sex discrimination and sexual harassment, a hostile work environment, and retaliation, with instructions to cross-file with the Pennsylvania Human Relations Commission.

10. Ms. Croskey has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated October 14, 2020.[1]

11. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

---

[1] Plaintiff's claims for sexual harassment and retaliation were all "dual-filed" with the PHRC on or about April 16, 2019, respectively. As such, Plaintiff intends to amend her Complaint to include these state claims once they become ripe one year from their PHRC filing date.

## **FACTUAL BACKGROUND**

12. On or about September 16, 2019, Ms. Croskey began working as a Recruitment Administrator for MD's Pittsburgh Office.

13. Ms. Croskey's job duties included, but were not limited to interviewing potential sales staff members using industry-standard technique(s); performing clerical duties, including filing, answering phone calls, and responding to emails; keeping track of in-office technical and/or electronic equipment; and providing administrative support to MD's sales team.

14. MD's sales team included Manager, Mike Reyes.

15. During Ms. Croskey's training and probationary period, Mr. Reyes was in mid-transition to MD's Philadelphia location.

16. Due to his transition, a new managerial trainee, Ricardo Francois, was brought in to train under Mr. Reyes.

17. Immediately upon Mr. Francois beginning his training at the Pittsburgh Office, he began to discriminate and harass Ms. Croskey on the basis of her female sex by making sexually, inappropriate comments towards her; physically touching or trying to touch her by groping, grabbing, or confining her to an area; attempting to kiss her; and sending her unwanted text messages of a sexual nature.

18. All acts of discrimination, sexual harassment, and inappropriate conduct from Mr. Francois were unwanted by Ms. Croskey and at no time did she consent or otherwise indicate any willingness to participate therein.

19. Ms. Croskey would repeatedly rebuke Mr. Francois's actions and would tell him that she was not interested, however, Mr. Francois ignored her objections, as well as escalated his inappropriate conduct to include retaliation against Ms. Croskey for rebuking his actions by jeopardizing her position.

20. Mr. Francois would interfere with Ms. Croskey's job duties by not following protocol in communicating electronic equipment checkouts and withholding pertinent information necessary to assist other managers on the sales team.

21. The actions of Mr. Francois in sabotaging Ms. Croskey's work duties resulted in Ms. Croskey receiving a written warning in or about October 2019.

22. Mr. Reyes transferred to MD's Philadelphia office in or about September 2019, leaving Mr. Francois to assume his managerial duties.

23. Due to Mr. Francois' continued harassment, Ms. Croskey reached out to Mr. Reyes, who at the time was still supervising Mr. Francois, to seek assistance in how to appropriately deal with Mr. Francois' behavior.

24. Mr. Reyes' response to Ms. Croskey was to make certain that Mr. Francois was aware that his sexual misconduct towards her was unwanted.

25. Unsatisfied with Mr. Reyes' unwillingness to address the situation, Ms. Croskey soon thereafter reported the sexual harassment to her Supervisor, Octavia Rosa.

26. Ms. Rosa directed Ms. Croskey to report every allegation of sexual harassment to Defendants' Human Resources Department.

27. At Ms. Rosa's direction, Ms. Croskey made a formal complaint to Defendants' Human Resources Department in or about November 2019.

28. Shortly after Ms. Croskey's complaint, Mr. Francois was directed to undergo sexual harassment therapy.

29. In or about mid to late December 2019, Mr. Francois returned from his therapy; however, upon his return, Mr. Francois refused to work with Ms. Croskey in a professional manner by withholding information relevant to her work and otherwise being incommunicative.

30. Due to this open hostility and retaliation from Mr. Francois, Ms. Croskey complained again to Mr. Reyes in or about January 2020.

31. As a result of this complaint, a meeting was scheduled between Mr. Reyes, Mr. Francois, and Ms. Croskey.

32. During this meeting, Mr. Francois became upset with Ms. Croskey and accused her of showing the aforementioned text messages of a sexual nature he had previously sent to her to other co-workers in the office; a false allegation as Ms.

Croskey was embarrassed by these communications and only shared these text messages with Defendants' Human Resources Department.

33. After the meeting, Mr. Reyes informed Ms. Croskey that MD was planning to fire both her and Mr. Francois because the situation involving them was a "cancer" and it would spread.

34. On or about January 23, 2020, Ms. Croskey was scheduled to attend a conference in New York along with other co-workers.

35. All employees of MD were to travel by company van and arrive at the office at a set time for the trip.

36. Though the set arrival time was 7:00 a.m., Mr. Francois incorrectly informed Ms. Croskey that the arrival time was 9:00 a.m.

37. Ms. Croskey arrived at the office at or before 9:00 a.m. only to discover that she had been misled and left behind.

38. Due to Mr. Francois's direct misrepresentation of the arrival time, Ms. Croskey missed the New York conference.

39. As a result of missing the conference, Ms. Croskey was suspended for the next two (2) days.

40. On or about January 28, 2020, Ms. Croskey was informed that she was being terminated for "insubordination;" no further explanation was provided.

41. Ms. Croskey believes and, therefore avers, that her termination on or about January 28, 2020 was in retaliation for her continued reports of Mr. Francois's inappropriate conduct, text messages, and hostility towards her, and her unwillingness to engage in or consent to such inappropriate conduct.

42. Defendant's sexual harassment, discrimination, and retaliation violated Ms. Croskey's rights under Title VII of the Federal Civil Rights Act of 1964.

## COUNT I

### TITLE VII VIOLATION
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

43. All prior paragraphs are incorporated herein as if set forth fully below.

44. At all times relevant hereto, Ms. Croskey was a female and, therefore, a member of a class of individuals protected against harassment on the basis of her sex during her employment with MD.

45. Ms. Croskey was subjected to sexual harassment (hostile work environment) on the basis of her female sex in violation of Title VII, as described above.

46. The sexual harassment (hostile work environment) on the basis of sex to which Ms. Croskey was subjected to would have detrimentally affected any reasonable person in her position.

47. Defendant created, permitted, tolerated, encouraged, and fostered a sexually hostile, intimidating, demeaning, degrading, and demoralizing environment at its Pittsburgh Office, which was ongoing and pervasive, began shortly after Ms. Croskey was hired and continued throughout the remainder of her employment with MD.

48. The acts of Defendant, and its officers, agents, and employees manifesting this hostile environment, insofar as they are known to Ms. Croskey, included making sexually inappropriate comments; physically touching or trying to touch her by groping, grabbing, or confining her to an area; making repeated attempts to kiss her; and sending unwanted text messages of a sexual nature despite Ms. Croskey's direct objections.

49. The ongoing sexual harassment was so severe and pervasive that Ms. Croskey suffered significant stress and developed anxiety about having to go to work each day in this environment.

50. The sexually hostile environment was known to Defendant's supervisors, including Mr. Reyes and Ms. Rosa, who took no meaningful, effective, and/or permanent action to terminate the offending behavior or to remove the offending environment.

51. As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Ms. Croskey was subjected to emotional

distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

52. As a result of the sexually hostile environment, Ms. Croskey has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

53. The actions of Defendant set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Sarah Croskey respectfully requests this Honorable Court enter judgment in her favor and against Defendants, Mpower Energy, LLC and Mpower Direct, LLC, jointly and severally, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### TITLE VII VIOLATION - RETALIATION

54. All prior paragraphs are incorporated herein as if set forth fully below.

55. As set forth above, subsequent to and as a result of Ms. Croskey's repeated complaints of sexual harassment, Defendant retaliated against Ms. Croskey by terminating her employment.

56. As a result of Defendant's actions, Ms. Croskey has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation before her family and friends, and has sustained economic losses.

57. WHEREFORE, Plaintiff, Sarah Croskey respectfully requests this Honorable Court enter judgment in her favor and against Defendants, Mpower Energy, LLC and Mpower Direct, LLC, jointly and severally, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## **DEMAND FOR JURY**

Pursuant to Federal Rules of Civil Procedure 38(b) and otherwise, Plaintiff, Sarah Croskey, respectfully demands a trial by jury.

                                      Respectfully submitted,

                                      **WEISBERG CUMMINGS, P.C.**

Dated: December 22, 2020         */s/ Derrek W. Cummings*
                                      Derrek W. Cummings (PA 83286)
                                      dcummings@weisbergcummings.com

                                      */s/ Larry A. Weisberg*
                                      Larry A. Weisberg (PA 83410)
                                      lweisberg@weisbergcummings.com

                                      */s/ Steve T. Mahan*
                                      Steve T. Mahan (PA 313550)
                                      smahan@weisbergcummings.com

                                      2704 Commerce Drive, Suite B
                                      Harrisburg, PA 17110
                                      (717) 238-5707
                                      (717) 233-8133 (Fax)

                                      *Counsel for Plaintiff*